**Sorkis J. WEBBE, Plaintiff-Appellee,**

v.

**McGHIE LAND TITLE COMPANY and Lawyers Title Insurance Corporation, Defendants-Appellants.**

**Sorkis J. WEBBE and Lawyers Title Insurance Corporation, Third-Party Plaintiffs,**

v.

**Dorothy Cobb KITT, Third-Party Defendant-Appellee.**

No. 76–1095.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Nov. 16, 1976.

Decided Feb. 17, 1977.

Richard J. Leedy, Salt Lake City, Utah, for Sorkis J. Webbe, plaintiff-third party plaintiff-appellee.

Earl P. Staten, Salt Lake City, Utah (Tibbals & Staten and Bill Thomas Peters, Salt Lake City, Utah, on the brief), for appellants.

Ned Warnock, Salt Lake City, Utah, for Dorothy Cobb Kitt, third party defendant-appellee.

Before SETH, BREITENSTEIN AND McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

The trial court entered summary judgment in the amount of $400,000 in favor of the plaintiff and against the defendant insurer on a policy of title insurance. At the same time the trial court also entered summary judgment dismissing the defendant's third party complaint and entered judgment quieting title to certain real property in the third party defendant. The insurer appeals both judgments thus entered against it. We reverse.

On appeal the main issue is whether on the basis of the record then before it the trial court was justified in concluding by way of summary judgment that a certain deed was a forgery. One Sorkis J. Webbe, a St. Louis attorney with interests in Nevada, was the grantee in a deed conveying title to certain real property in Utah. The grantor was a company known as Consolidated Investment Corp. Consolidated's grantor in the chain of title was one Dorothy Cobb Kitt.

At or about the time that Webbe received a warranty deed from Consolidated, he obtained a commitment for a policy of title insurance from the Lawyers Title Insurance Corporation, the latter acting through its Salt Lake City agent, McGhie Land Title Co. Lawyers Title Insurance Corporation will hereinafter be referred to as Title Insurance.

A few months after the property was deeded to Webbe by Consolidated, a question arose as to the genuineness of the deed purportedly executed by Dorothy Cobb Kitt conveying the property to Consolidated. The questioned deed, bearing what was ostensibly the signature of Dorothy Cobb Kitt, had been notarized and duly recorded. Kitt executed an affidavit declaring that her signature on the questioned deed was a forgery, and this affidavit was itself duly

recorded. Title Insurance apparently learned of the Kitt affidavit, but, pursuant to its prior commitment, issued a title insurance policy to Webbe for the face amount of $400,000.

Webbe thereafter made demand on Title Insurance and, when his demand was not met, he brought suit under the terms of the title insurance policy against the insurance company. Title Insurance then brought, on behalf of Webbe, a third party action against Kitt, attempting thereby to quiet title to the premises in Webbe.

Numerous depositions were taken by way of pretrial discovery. Webbe and Kitt each then filed a motion for summary judgment. At hearing it was the position of respective counsel for both Webbe and Kitt that the only issue in the case was the genuineness of the Kitt deed, and that based on the depositions it had been established that the deed was a forgery.

The trial judge at the outset of the hearing on the motion for summary judgment indicated that a "factual hearing" was necessary. However, based upon the argument of counsel for Webbe and Kitt, the trial judge apparently changed his mind and granted summary judgment in favor of both Webbe and Kitt. In so doing the trial judge indicated quite clearly that he had not himself read the depositions relied on. When counsel for the title insurance company asked to be heard, the trial judge's immediate response was, "You're stuck." The judge did thereafter hear counsel for the insurance company, but only briefly, and then followed through on his previously announced intention, and granted judgment in favor of Webbe and against Title Insurance in the sum of $400,000, the face amount of the policy. Thereafter the judge also entered summary judgment dismissing Title Insurance's third party complaint and quieted title, not in Webbe, but in Kitt.

By appendix we have attached to this opinion what purports to be a complete transcript of the hearing held on the motions for summary judgment. In granting these motions for summary judgment the trial court obviously acted most hastily and,

more important, the record does not support the action taken.

 The issue as to whether a signature on a deed is genuine, or a forgery, presents an issue which in our view can seldom be resolved by summary judgment. Under Utah law it appears that an acknowledged and recorded deed, as was the instant deed, is presumed to be valid and such presumption can only be overcome by clear and convincing proof. *Northcrest, Inc. v. Walker Bank & Trust Co.*, 122 Utah 268, 248 P.2d 692 (1952). Whether the quantity and quality of evidence offered is sufficient to overcome such presumption is to us a matter which cannot be satisfactorily resolved by summary judgment. Such determination necessarily involves the delicate task of assessing the respective credibility of the witnesses, which is difficult to do on the basis of depositions.

We have examined the depositions relied on by counsel in their respective motions for summary judgment. Counsel suggests that Kitt categorically denied that it was her signature affixed to the deed. Our reading of the Kitt deposition does not leave us with such a firm conviction. To us her testimony is something less than straightforward and tends to be equivocal.

The grantee on the Kitt deed refused to testify on Fifth Amendment grounds when his deposition was taken, refusing to testify not just as to the circumstances surrounding the execution of the deed, but refusing to give any testimony concerning any of the several related land transactions in which the deed here in question played a part.

The notary upon deposition testified that she could not recall the particular acknowledgement under attack, but stated, in effect, that she had never acknowledged a signature unless the purported signor was present.

 No good purpose would be served by setting forth any further statement of the rather tangled factual situation out of which the present controversy arises. It is sufficient to simply hold that the trial court erred in granting summary judgment for

either Webbe or Kitt. Summary judgment is a drastic action available only in cases where there are no material issues of fact and a formal trial would be fruitless. *Frey v. Frankel,* 361 F.2d 437 (10th Cir. 1966). Summary judgment is particularly inappropriate in the instant case where the trial judge, who has not had an opportunity to evaluate the demeanor of the deponent, is nonetheless in a real sense being called upon to determine whether the deponent is telling the truth. *See American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres, Inc.,* 388 F.2d 272, 284 n. 18 (2d Cir. 1967). Suffice it to say, the genuineness of the Kitt deed must be resolved at trial of the matter, and not by summary judgment. By reversing, we do not wish to be understood as indicating that we feel the deed was genuine. We are simply holding that the question of genuineness was not a fit subject for summary judgment.

Webbe and Kitt, both here and in the trial court, state that the only issue is the genuineness of the Kitt deed. Such may indeed be a pivotal issue, but it would appear that such is not the only issue in the case. We note that Title Insurance has raised other defenses. And certainly the propriety of the trial court's entering judgment for Webbe for $400,000, the full face amount of the policy, without a real showing of actual loss, is doubtful.

Title Insurance further asks that on remand we direct that the case be heard by a judge other than the one who has entered summary judgment against it. We agree. 28 U.S.C. § 455 provides that a judge should disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Hence, appearance of impartiality is virtually as important as the fact of impartiality. Here, the trial judge, without reading the depositions, and based on the oral argument of counsel for Webbe and Kitt, announced that the insurance company was "stuck" before even permitting counsel for the insurance company to address the court. To us there is not a reasonable likelihood that the trial judge

in the instant case, having now been reversed for granting summary judgment, could later preside over the trial of this matter in a fair and impartial manner, or, in the event he became the trier of the facts, that he could do so with detachment and objectivity. *See Eckles v. Sharman,* 548 F.2d 905 (10th Cir. 1977); *United States v. Bray,* 546 F.2d 851 (10th Cir. 1976); and *United States v. Ritter,* 540 F.2d 459 (10th Cir. 1976).

Judgment reversed and cause remanded with directions that further proceedings be conducted by a judge other than the Honorable Willis W. Ritter. The panel is authorized to say that other members of the court agree that the trial of this case should be by a judge other than the Honorable Willis W. Ritter.

### APPENDIX

THE COURT: Webbe against McGhie Land Title Company, third party defendant Kitt's motion for summary judgment. Who represents them?

MR. WARNOCK: I represent Mrs. Kitt, your Honor.

THE COURT: All right.

MR. WARNOCK: Your Honor, this case involves a matter of where claim of the third party defendant, Dorothy Cobb Kitt, is that a warranty deed which was recorded in Salt Lake County Recorder's office was a forged deed, that her name had been forged to the deed. The original action was commenced by the plaintiff, Mr. Webbe, to collect money on a title insurance policy from McGhie Land Title and Lawyers Title.

Now, as background, if the Court please,—

THE COURT: I don't need any background. Let us get down to the legal point.

MR. WARNOCK: Well, it is our point—

THE COURT: Why do you think you are entitled to a summary judgment?

MR. WARNOCK: I have asked—I will ask now that all of the depositions taken in this case be published. There has been extensive discovery.

THE COURT: Well, it sounds like we need to have a factual hearing.

MR. WARNOCK: I don't think so, your Honor, because the discovery discloses—

THE COURT: Well, if I have got to go through all those depositions, you have got a rather poor start.

MR. LEEDY: [Counsel for Webbe] If the Court please, my motion is based on the same grounds, and there is no issue. The only issue is whether or not the deed was forged. The person who purportedly signed it said that she did not sign it, said it was a forgery. The person to whom it was conveyed took the Fifth Amendment on all questions. That should be the only issue to resolve this entire lawsuit, is whether or not it was a forgery.

MR. WARNOCK: That is right.

THE COURT: Is that right?

MR. WARNOCK: I think that is right, your Honor.

MR. STATEN: [Counsel for Title Insurance] Your Honor, could I speak for the title insurance company?

THE COURT: What?

MR. STATEN: Could I speak for the title insurance company?

THE COURT: You're stuck.

MR. STATEN: Not yet.

THE COURT: What have you got to say for them?

MR. STATEN: Well, we have taken the deposition of the notary public, your Honor, and, without referring to it in detail, she identifies the deed; she identifies her signature; she identifies the acknowledgment, and she identifies her procedures in taking acknowledgments, and unless it is certified she will not acknowledge a deed without the person being present and she either knows the person or she doesn't know it—

THE COURT: What bearing does that have?

MR. STATEN: Well, that authenticates, in my opinion, your Honor, the validity of the deed and creates an issue between the testimony of Mrs. Kitt and the testimony of the notary public whether it is authentic or not authentic. It creates an issue which I think this court should determine from the evidence from the witnesses appearing before the court at trial.

MR. WARNOCK: If the Court please, I think the deposition of Mrs. Wimmer, who was the notary public, shows as to this particular deed she had a complete case of amnesia. She didn't know where it was signed; she didn't know when it was signed except for the date on the deed itself; she had no independent recollection of ever seeing Mrs. Kitt. And Mrs. Kitt testified positively that she had never seen Mrs. Wimmer. Mrs. Wimmer was employed by a man by the name of Jack Facer who bought her notary seal. Jack Facer in his deposition testified that he didn't take Mrs. Kitt to see Mrs. Wimmer. The testimony of Mrs. Wimmer as to the acknowledgment of this deed is just so inconclusive and Mrs. Kitt would have no way of finding Mrs. Wimmer. She was a cocktail waitress at Ferraco's Club at the time this acknowledgment was taken, and I am sure Mrs. Kitt— and Mrs. Wimmer testified she did not go to Mrs. Kitt's home. As I say, she had a complete case of amnesia.

THE COURT: Let's get this thing out of the way.

MR. LEEDY: If the Court please, may I relate the facts? My client purchased a piece of property from Consolidated Investment. My client is an attorney in St. Louis, Missouri. He is stuck with a huge piece of unimproved property up on the east bench, and he purchased it for investment. He purchased it, as I said, from Consolidated Investment Corporation. At the time of purchase he acquired a title insurance policy from Mr. Staten's client in the amount of $400,000. Since then, Mr. Warnock's client filed an affidavit with the county recorder saying that she was the owner of the property; that the deed from her to Consolidated Investment was a forgery. I made demand on the title insurance policy. They refused. Thereafter, this lawsuit was commenced. The depositions have disclosed

that Mr. Warnock's client said she did not sign the deed, that the execution was a forgery. The person whom my client got it from takes the Fifth Amendment on all questions.

The only issue is one of a question of forgery, and Mr. Staten has included a large number of third party defendants, claiming he can quiet title to the land. He can't quiet title to the land if Mrs. Kitt does not sign the deed. The forgery disposes of this whole lawsuit, which has now taken over a year.

THE COURT: Plaintiff's motion for summary judgment is granted.

MR. LEEDY: Thank you, your Honor. Your Honor,—

THE COURT: That is the ruling.

MR. STATEN: Your Honor, there are several issues in the case.

THE COURT: That is the ruling.

MR. LEEDY: The forgery—

MR. STATEN: Is it granted purely on the item of forgery, your Honor? There are several issues in the case.

THE COURT: Young man, I have ruled.

MR. STATEN: Thank you, sir.

MR. LEEDY: Thank you.