Robert TRAVERSE, Plaintiff,

v.

**WORLD SERVICE LIFE INSURANCE COMPANY, a corporation, Defendant.**

No. CIV–77–0110–D.

United States District Court,
W. D. Oklahoma.

Aug. 19, 1977.

O. A. Cargill, Jr., Kenneth T. Levenbook, Oklahoma City, Okl., for plaintiff.

R. Brown Wallace, Oklahoma City, Okl., for defendant.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

DAUGHERTY, Chief Judge.

This is an action in which Plaintiff seeks recovery under the terms of a group accident insurance policy issued to Plaintiff's employer by Defendant for injuries Plaintiff allegedly received as the result of an assault. It is asserted that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

Defendant has filed herein a Motion for Partial Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition to said Motion.

In support of its Motion, Defendant contends that it is entitled to partial summary judgment as to the amount of damages potentially recoverable by Plaintiff in this action as the only injury Plaintiff alleges to have suffered which is compensable under the terms of the policy is the loss of his left eye;[1] and that the maximum amount payable under the terms of the policy for loss of an eye is one-half the principal sum of the policy or $25,000.

---

1. Answers 5 and 6 of Plaintiff's Answers to Defendant's Interrogatories filed herein on April 12, 1977, read as follows:

    "5. What specific loss or losses suffered by Robert Traverse do you contend make the amount due and owing?

    *Answer:* Complete loss of vision in the left eye; impaired vision in the right eye; loss of

sensory nerves of the right side of face; loss of right ear and impaired hearing in the right ear; loss of use of hands and fingers on both hands, resulting in 100% disability.

    6. Do you contend that the policy sued upon provides coverage against 'hospital, doctor, nurse and medical expense'?

    *Answer:* Yes."

In his Brief in opposition to Defendant's Motion, Plaintiff submits that the compensable losses he suffered are the loss of his left eye and the loss of both hands. Plaintiff maintains that although his hands were not actually severed, he did lose the use of both hands and that loss of use of both hands is a compensable injury under the terms of the policy.

The pertinent section of the insurance policy involved in this case is Section III which describes the benefits payable under the policy and states that Defendant will pay the principal sum of $50,000 to the insured for loss of life; loss of both hands or both feet or sight of both eyes; loss of one hand and one foot; or loss of one hand or one foot and the sight of one eye. One-half of the principal sum will be paid to the insured for loss of one hand or one foot or sight of one eye. Section III also defines "loss" as follows:

> "The term 'loss' as used in the above means with regard to hands and feet, actual severance through or above the wrist or ankle joints; and with regard to eyes, the entire irrevocable loss of sight; provided, however, that only one loss, the larger, shall be payable for all losses resulting from any one accident."

■ The Court recognizes that summary judgment is a drastic action available only in cases where there are no material issues of fact and a formal trial would be fruitless. *Webbe v. McGhie Land Title Company*, 549 F.2d 1358 (Tenth Cir. 1977); *Frey v. Frankel*, 361 F.2d 437 (Tenth Cir. 1966). A Motion for Summary Judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. A Motion for Summary Judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact. *Williams Petroleum Co. v. Midland Cooperatives, Inc.*, 539 F.2d 694 (Tenth Cir. 1976);

*Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 494 F.2d 168 (Tenth Cir. 1974); *James v. Atchison, Topeka and Santa Fe Railway Co.*, 464 F.2d 173 (Tenth Cir. 1972). The Court must examine the summary judgment papers in the light most favorable to the party opposing the Motion. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Webb v. Allstate Life Insurance Co.*, 536 F.2d 336 (Tenth Cir. 1976); *Frey v. Frankel, supra.* All the ambiguities and disagreements must be resolved in favor of the party against whom summary judgment is sought. *Webb v. Allstate Life Insurance Co., supra.* And where different ultimate inferences may properly be drawn, the case is not one for summary judgment. *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Webb v. Allstate Life Insurance Co., supra.*

■ However, the Court also notes that it cannot change the terms of an unambiguous contract. It may simply interpret the contract. *Williams Petroleum Co. v. Midland Cooperatives, Inc., supra; James Talcott, Inc. v. Finley*, 389 P.2d 988 (Okl. 1964). The parties to an insurance contract may contract to extend or limit insurance liability risks as they see fit. *Pendergraft v. Commercial Standard Fire & Marine Co.*, 342 F.2d 427 (Tenth Cir. 1965); *Fidelity and Casualty Company of New York v. Reece*, 223 F.2d 114 (Tenth Cir. 1955); *Gulf Insurance Co. v. Gold Cross Ambulance Service Co.*, 327 F.Supp. 149 (W.D.Okl.1971); *Wiley v. Travelers Insurance Co.*, 534 P.2d 1293 (Okl.1974). As noted in 43 Am.Jur.2d *Insurance* § 279 (1969):

> "[S]ince the parties to an insurance contract may make the contract in any legal form they desire, insurance companies have, in the absence of statutory provisions to the contrary, the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, not inconsistent with public policy. Consequently, if such exceptions, exclusions, and limitations are plainly expressed, insurers are entitled to have them construed and enforced as expressed."

In the instant case, Section III clearly sets out what benefits are payable to an insured under the terms of the policy. As defined in Section III, "loss" of hands unambiguously means severance as opposed to loss of use. With the exception of the alleged loss of his left eye, the various other injuries Plaintiff seeks recovery for are not listed within the "Description of Benefits" contained in Section III and there are no other provisions of the policy which provide benefits for these injuries.

Therefore, the Court concludes that Defendant is entitled to partial summary judgment to the effect that the only compensable injury Plaintiff has alleged in his Amended Complaint is the loss of one eye. Accordingly, the maximum amount of damages Plaintiff may be entitled to under the terms of the policy is $25,000.