**Mary B. DUCKETT, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, a foreign corporation, Defendant and Third Party Plaintiff,**

v.

**Dale L. CHEEK, Third Party Defendant.**

**No. CIV 83–1815–R.**

United States District Court, W.D. Oklahoma.

March 7, 1984.

See also, D.C., 606 F.Supp. 728.

James F. Self, Jr., Culp, Heath & Sushnik, Oklahoma City, Okl., for plaintiff.

Kenneth R. Webster, McKinney, Stringer & Webster, Oklahoma City, Okl., Michael R. Chaffin, Huckaby, Fleming, Frailey & Chaffin, Chickasha, Okl., Barry R. Davis, Lee, Beuch & Davis, Oklahoma City, Okl., for defendants.

### ORDER

DAVID L. RUSSELL, District Judge.

The Plaintiff, Mary B. Duckett, brought this action against her insurer, Allstate Insurance Company, to recover damages suffered in an automobile accident with the third party Defendant, Dale L. Cheek. Duckett has since filed this Motion for Partial Summary Judgment in her favor.

The basis of Duckett's motion is her assertion that a "limits of liability" clause in an automobile insurance policy is unenforceable under Oklahoma law inasmuch as the clause prohibits "stacking" of several medical payment provisions purchased by the insured. Allstate attacks this proposition by noting that the Supreme Court of Oklahoma has never directly addressed the issue of "stacking" of medical payment provisions; instead, that Court has addressed only the issue of "stacking" uninsured motorist coverage provisions. Allstate argues that "med pay" provisions are sufficiently distinguishable from uninsured motorist coverage that an analogy cannot be drawn between the two.

The Court concludes that the Plaintiff's point of view represents the rule of

728

law to be applied in this case. Limitations in insurance policies are unenforceable, to the extent that they prohibit "stacking" of uninsured motorist coverage provisions, under Oklahoma law. *See e.g., Keel v. MFA Insurance Co.,* 553 P.2d 153, 156 (Okl. 1976). This Court cannot perceive a meaningful distinction between a "med pay" provision and uninsured motorist coverage for purposes of "stacking", since the issue in either case is whether the insurer can unjustly "avoid liability by asserting other insurance clauses denying the insured from receiving that for which he has paid a premium". *Aetna Casualty and Surety Co. v. State Board for Property and Casualty Rates,* 637 P.2d 1251, 1256 (Okl. 1981). Further, the Oklahoma Supreme Court has addressed the "med pay" issue, although indirectly; that Court has held that excess clauses governing "med pay" provisions, while permissible under statute, are nevertheless subject to the rule in *Keel* that "stacking" may not be prohibited by the clause. *Aetna,* 637 P.2d at 1256. Thus, the Court concludes that policy limitations prohibiting "stacking" of medical payment provisions are unenforceable under Oklahoma law.

■ Nevertheless, the Court is of the opinion that partial summary judgment is inappropriate in this case. Duckett and Allstate are in disagreement as to the number of cars covered by "med pay" provisions; Duckett claims that there are six (for a "stacked" amount of $6,000), while Allstate asserts that there are only five. Thus, the Court cannot determine the amount to which Duckett is entitled as a matter of law. There being a factual dispute as to this issue, summary judgment is inappropriate. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Ando v. Great Western Sugar Co.,* 475 F.2d 531 (10th Cir.1973).

Accordingly, the Plaintiff's Motion for Partial Summary Judgment is denied.