**Mary B. DUCKETT, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, a foreign corporation, Defendant and Third Party Plaintiff,**

v.

**Dale L. CHEEK, Third Party Defendant.**

**CIV 83–1815–R.**

United States District Court, W.D. Oklahoma.

March 18, 1985.

James F. Self, Jr., Culp, Heath & Sushnik, Oklahoma City, Okl., for plaintiff.

Kenneth R. Webster, McKinney, Stringer & Webster, Oklahoma City, Okl., Michael R. Chaffin, Huckaby, Fleming, Frailey & Chaffin, Chickasha, Okl., Barry R. Davis, Lee, Beuch & Davis, Oklahoma City, Okl., for defendant.

## ORDER

DAVID L. RUSSELL, Judge.

The Plaintiff in this action, Mary Duckett, was injured in an automobile accident allegedly caused by the negligence of the third party Defendant, Dale Cheek. Duckett brought suit against her automobile insurance carrier, the Defendant Allstate Insurance, alleging, *inter alia,* that Cheek was an uninsured motorist. Allstate impleaded Cheek as third party Defendant pursuant to Fed.R.Civ.P. 14. Subsequently, Duckett amended her Complaint to state claims against both Allstate and Cheek. Motions for Partial Summary Judgment have been filed by Duckett and Allstate, and the Court is now prepared to dispose of those motions as well as other motions pending in the action.

Duckett's First Amended Complaint contained three separate claims for relief. The first, a negligence cause of action, was asserted against Cheek, the party whose negligence allegedly caused the accident in which Duckett was injured. Duckett and Cheek concluded a settlement agreement,

and this claim was dismissed with prejudice.[1] The second claim for relief, asserted against Allstate, alleged that Cheek was an uninsured motorist and made demand upon Allstate under the uninsured motorist provisions of Duckett's policy. Duckett subsequently discovered that Cheek was neither uninsured nor underinsured and withdrew this second claim. Withdrawal of this claim obviates the need to consider Allstate's third party claim, as it is premised upon Allstate's potential liability under the uninsured motorist provisions of the policy. Therefore, Allstate's third party Complaint is dismissed.

Thus, there remains but one claim for relief pending in this action: Duckett's claim against Allstate for failure to deal fairly and in good faith with Duckett, its insured under the policy. *E.g., Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okla.1978). In support of this claim Duckett alleges that Allstate wrongfully refused to stack separate "med pay" provisions contained in the policy issued by Allstate to Duckett. Rather than a stacked amount of five thousand dollars, to which Duckett contends she is entitled, Allstate offered her only one thousand dollars, the maximum amount payable under the med pay provision applicable to the vehicle in which Duckett was injured.

This Court has previously determined that Allstate is required to stack the med pay provisions applicable to all of Duckett's vehicles, the prohibition against stacking contained in the policy notwithstanding. *Duckett v. Allstate Insurance Co.,* 606 F.Supp. 727, 728 (W.D.Okla.1984). However, the Court declined to grant partial summary judgment in Duckett's favor, noting the existence of factual issues. *Id.* at 728. Those factual issues have now

---

**1.** This settlement and dismissal is fortunate in that the Court is now persuaded that it lacked jurisdiction over Duckett's claim against Cheek. Cheek's consent to be sued is insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332 (1982), as both Cheek and Duckett are citizens of Oklahoma. *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 910 (10th Cir.1974) (Waiver of diversity requirement by nondiverse defendant does not confer jurisdiction). *Cf.*

*State Highway Commission v. Utah Construction Co.,* 278 U.S. 194, 199–200, 49 S.Ct. 104, 105–106, 73 L.Ed. 262 (1929). This is so because subject matter jurisdiction cannot be conferred on the Court by the agreement of the parties. *E.g., People's Bank v. Calhoun,* 12 Otto (102 U.S.) 256, 260–1, 26 L.Ed. 101 (1880). *See also* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure:* Jurisdiction 2d § 3602 (1984).

been resolved; there is no longer any dispute that there are but five med pay provisions to stack or that Duckett's injuries exceed the stacked amount. Thus, Duckett is entitled to partial summary judgment in her favor in the amount of five thousand dollars and, as her Second Motion for Partial Summary Judgment requests this relief, it is hereby granted.

This grant of partial summary judgment leaves only the question raised by Allstate's Motion for Partial Summary Judgment: Whether Duckett's bad faith claim raises triable issues of fact which necessitate trial on the merits. Because the Court concludes that the question must be answered in the negative, Allstate is entitled to summary judgment in its favor on the bad faith claim.

The facts concerning the bad faith claim are undisputed. Duckett was injured in an automobile accident on May 25, 1982. As a result of this accident she incurred medical expenses in excess of eight thousand dollars, and made demand upon her own automobile insurance carrier, Allstate, for six thousand dollars. This demand was based upon a policy issued by Allstate to Duckett which provided, *inter alia,* one thousand dollars med pay coverage for each of five of the six vehicles owned by Duckett.[2] Allstate refused to stack the med pay provisions and offered Duckett only one thousand dollars, the amount applicable to the vehicle in which she was injured.

In rejecting Duckett's demand to stack the med pay coverage, Allstate essentially relied on (1) the provision in the policy prohibiting stacking of med pay coverage; (2) the advice of counsel that Oklahoma jurisprudence does not require stacking of med pay; and, (3) three decisions of the District Court of Oklahoma County sustaining Allstate's policy prohibition against the stacking of med pay coverage. However, Allstate admits that at the time of its denial of Duckett's claim it was aware of the decision of this Court in *Gray v. Allstate*

*Insurance Co.,* No. CIV–82–1373–W (W.D. Okla. May 17, 1983) (per West, J.), in which the Court found unenforceable a policy provision prohibiting stacking of med pay coverage. Further, Allstate admits that it was also aware of *Aetna Casualty & Surety Co. v. State Board of Property & Casualty Rates,* 637 P.2d 1251 (Okla.1981), on which this Court relied in finding that the policy prohibition against stacking in Duckett's policy was unenforceable. *Duckett,* at 728.

Duckett argues that this set of facts creates a jury question on the issue of bad faith; in essence, she contends that under *Christian* and its progeny the issue of bad faith is always a question for the jury. Allstate, on the other hand, argues that, as the facts are undisputed and permit only one reasonable inference, summary judgment in its favor is appropriate at this juncture.

It is true, as Allstate contends, that summary judgment is appropriate where there are no triable issues and a trial on the merits would therefore be fruitless. *E.g., Webbe v. McGhie Land Title Co.,* 549 F.2d 1358, 1360–1 (10th Cir.1977); *Frey v. Frankel,* 361 F.2d 437, 442 (10th Cir.1966); *Traverse v. World Service Life Insurance Co.,* 436 F.Supp. 810, 811 (W.D.Okla.1977). However, this does not mean that the absence of factual disputes mandates summary judgment; summary judgment is inappropriate notwithstanding the existence of uncontroverted facts where the reasonable inferences to be drawn from those facts are in dispute. *E.g., Londrigan v. FBI,* 216 U.S.App.D.C. 345, 670 F.2d 1164, 1171 n. 37 (1981); *United States v. Perry,* 431 F.2d 1020, 1022 (9th Cir.1970); *Chenette v. Trustees of Iowa College,* 431 F.2d 49, 53 (8th Cir.1970); *Lighting Fixture & Electric Supply Co. v. Continental Insurance Co.,* 420 F.2d 1211, 1213 (5th Cir.1969). *Cf. United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (Where different ultimate inferences can be drawn, the case is not a proper one

---

**2.** Duckett originally believed that the policy afforded med pay coverage to all six of her vehicles and therefore demanded a stacked amount of six thousand dollars. However, it is now undisputed that she is entitled to a stacked amount of only five thousand dollars. *See supra* at 728.

for summary judgment); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1377 (10th Cir.1980); *Traverse*, 436 F.Supp. at 811. Where a reasonable inference favorable to the party opposing summary judgment can be drawn, summary judgment should not be granted. *Williams v. Borden*, 637 F.2d 731, 734 (10th Cir.1980); *Luckett*, 618 F.2d at 1377, *quoting Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 516 F.2d 33, 36 (10th Cir.1975); *Webb v. Allstate Life Insurance Co.*, 536 F.2d 336, 339 (10th Cir.1976). Thus, the relevant question for purposes of Allstate's motion is whether the above stated facts permit a reasonable inference of bad faith on the part of Allstate in denying Duckett's claim.

■ The essence of the tort of bad faith "is the insurer's unreasonable, bad faith conduct, including the unjustified withholding of payment due under a policy." *McCorkle v. Great Atlantic Insurance Co.*, 637 P.2d 583, 587 (Okla.1981). The reasonableness of the insurer's conduct in dealing with its insured must be determined in light of the law applicable to the insured's claim on the insurer. *Timmons v. Royal Globe Insurance Co.*, 653 P.2d 907, 914 (Okla.1982).

■ The Court is satisfied that the only permissible inference which can be drawn from the facts of this case is that Allstate's denial of Duckett's demand to stack was reasonable in light of existing Oklahoma law. There is not now nor has there ever been definitive, controlling authority on the enforceability of policy provisions prohibiting the stacking of med pay coverage. Clearly, the decision of this Court in *Gray* does not represent controlling authority in matters of Oklahoma law. Further, the decision of the Supreme Court of Oklahoma in *Aetna*, relied on by this Court in finding the prohibition unenforceable, does not mandate that result; the case is inapposite factually and the language relied on, while persuasive, is mere dicta. Thus, Allstate's only guidance before this action came from the decisions of the District Court of Oklahoma County, which determined that Allstate's prohibition against stacking was enforceable and found in Allstate's favor.

Given the state of the law on this issue, the Court cannot see how Allstate's conduct could be found to be unreasonable and in bad faith. To so find would require the Court to assume (1) that *Aetna* is controlling; (2) that the state courts reached the wrong result; and, (3) that Allstate knew the state courts reached the wrong result. There is nothing in this case to support any of these assumptions. There is a "legitimate dispute" as to the applicability of the mechanism of stacking to multiple med pay provisions, and Allstate "had a right to have this dispute settled in a judicial forum." *Manis v. Hartford Fire Insurance Co.*, 681 P.2d 760, 762 (Okla.1984). The Court therefore concludes that, on the facts of this case, there is no permissible inference that Allstate acted unreasonably and in bad faith.

■ Duckett is quite correct in the assertion that the issue of bad faith will most often be a question for the jury. However, this is not inevitably so. As the Supreme Court announced in *Christian*, the case in which the tort of bad faith was formally adopted:

> We do not hold that an insurer who resists and litigates a claim made by its insured does so at its own peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.... Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit.

*Christian*, 577 P.2d at 904–5. *See also McCorkle*, 637 P.2d at 587. Likewise, the mere fact that Allstate did not correctly predict this Court's decision on stacking does not mean that *ipso facto* the reasonableness of Allstate's conduct becomes a question for the jury. A jury question arises only where the relevant facts are in dispute or where the undisputed facts permit differing inferences as to the reasonableness of the insurer's conduct. *Accord, Manis*, 681 P.2d at 762–3.

As the facts in this case are undisputed and permit no reasonable inference that

Allstate acted in bad faith, summary judgment in Allstate's favor is appropriate on Duckett's claim for failure to deal fairly and in good faith. Accordingly, Allstate's Motion for Partial Summary Judgment is granted.

In summary, the Court reaches the following conclusions:

1. The Plaintiff's Second Motion for Partial Summary Judgment is granted.

2. The Defendant's Motion for Partial Summary Judgment is granted.

3. The Defendant's third party claim is dismissed.

4. The Plaintiff is entitled to judgment in its favor in the amount of five thousand dollars. Such a judgment will be entered to dispose of the case.

5. As final judgment has been reached, the Plaintiff's Motion to Compel and the Defendant's Motion to Strike are both moot.