## AMOCO PRODUCTION COMPANY, et al., Plaintiffs–Appellees,

v.

## UNITED STATES of America, et al., Defendants–Appellees,

Flying Diamond Oil Corporation, etc., et al., Defendants–Appellants.

Nos. 85–2530, 85–2531.

United States Court of Appeals, Tenth Circuit.

Aug. 2, 1988.

William J. Cayias of Cayias, Livingston and Smith, Salt Lake City, Utah, for defendants-appellants Eugene Newton, Edna Elliott Newton, Roy Jacobson, Ann N. Jacobson and Newton Sheep Co., and John W. Horsley (Joseph J. Palmer and Royal I. Hansen with him on the briefs) of Moyle & Draper, P.C., Salt Lake City, Utah, for defendant-appellant Bow Valley Petroleum Inc.

Claron C. Spencer of Beesley, Spencer & Fairclough, Salt Lake City, Utah (Robert C. Grable of Kelly, Appleman, Hart & Hallman, for Bass Enterprises Production Co., Fort Worth, Tex., with him on the brief), for defendant-appellee Bass Enterprises Production Co.

Before McKAY, SEYMOUR and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

This case involves the interpretation of a deed that conveys a one-half mineral interest in specified lands.

In 1972, Hyrum J. Newton & Sons Sheep Company (the Newtons) conveyed "an undivided ½ interest in and to all the oil, gas and other minerals" (except coal) in approximately 9,316 acres of land in Summit County, Utah, to Bass Enterprises Production Company (Bass). In 1976, approxi-

mately 358 acres of the Summit County land became involved in a quiet title action brought by Amoco Production Company (Amoco), a lessee of the mineral rights for the 358 acres, against the United States, which claimed a one-half interest in the mineral rights. Because the Newtons and Bass both claimed an interest in the mineral rights, they were also named as defendants in Amoco's quiet title suit.

At trial, the district court divided the quiet title suit into two branches; the first to resolve whether the United States acquired a one-half mineral interest in the land from a reservation clause alleged to have been in the original deed which conveyed title to the Newtons' predecessor; and, second, to determine the effect of the Newtons' 1972 deed to Bass (Bass deed).

After hearing evidence in the first branch of the suit, the district court ruled that the original deed to the Newtons' predecessor contained a reservation clause. Thus the court quieted title in the United States for one-half of the minerals in the 358 acres of land. Amoco appealed the district court ruling quieting title in the United States to this court, and that appeal is the subject of our opinion in *Amoco Production Co. v. United States*, 852 F.2d 1574 (10th Cir.1988) (Amoco II) which is filed simultaneously with this opinion.

In the second branch of the trial, the Newtons first asserted that the trial court erred in the first branch of the trial in finding that the original deed contained a reservation clause. The Newtons then claimed that the language of the Bass deed conveyed one-half of all the minerals they owned, and if the United States did in fact receive a one-half interest from the original deed, then Bass could only receive one-half of the one-half interest the Newtons still owned or, in other words, a one-fourth interest in the minerals. Bass disputed Newtons' interpretation of the Bass deed and asserted that the deed conveyed a one-half interest in the total minerals, regardless of whether the United States is found to have received a one-half interest through a reservation. After hearing evidence on these theories of the case, the district court determined that the United States had received a one-half mineral interest through a reservation and ruled that (1) by executing the Bass deed, the Newtons had intended to transfer one-half of all the mineral interest they thought they owned; (2) the deed represented the intent of the parties; and (3) there was no mutual mistake or unilateral mistake by either Bass or the Newtons which would entitle the Newtons to reform the deed. The district court thus quieted title in Bass for one-half of the minerals in the 358 acres of land. On appeal, Newtons claim the district court erred in finding the United States, through its predecessor in interest, received one-half of the minerals in the land and committed various interpretation errors in ruling that the Bass deed conveyed one-half of all the minerals rather than just half of whatever minerals the Newtons owned at the time of the conveyance.

In *Amoco II*, we reversed the district court's finding that the original deed contained a reservation clause. Thus we overruled the district court's quieting of title in the United States for the one-half mineral interest and directed the district court to quiet title in those claiming under or through the Newtons' claim. Because we concluded in *Amoco II* that the Newtons did in fact own all the mineral rights, the conflict between the Newtons' and Bass' interpretation of the Bass deed is removed. With one hundred percent of the mineral interest being held by the Newtons, both the Newton and Bass interpretations of the Bass deed give Bass a one-half interest in the total mineral interest. Thus, it is unnecessary for us to address the remaining issues raised by the Newtons on appeal, and title in one-half of the minerals shall be quieted in Bass.

Judgment of the district court quieting title in one-half of the minerals of the subject land in Bass is AFFIRMED.