**Carl Dewayne WILLIAMSON and Susan G. Williamson, Plaintiffs,**

v.

**EMASCO INSURANCE COMPANY, an Iowa corporation, a/k/a Employers Mutual Companies, Defendant.**

**No. CIV–87–2503–A.**

United States District Court,
W.D. Oklahoma.

Oct. 19, 1988.

Harold Hall, Ada, Okl., Tom R. Stephenson, Shirley, Stephenson, Shirley & Webber, Watonga, Okl., for plaintiffs.

Mickey James, Green, James, Williams & Elliott, Oklahoma City, Okl., for defendant.

## ORDER

ALLEY, District Judge.

The Court has considered defendant's Motion for Partial Summary Judgment, and the plaintiff's Brief in Opposition.

Under Oklahoma law, an insurer's denial of a claim by an insured constitutes bad faith justifying punitive damages only where the denial is unreasonable under the circumstances. *Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okla. 1978); *McCorkle v. Great Atlantic Ins. Co.,* 637 P.2d 583, 587 (Okla.1981). Where the evidence supports no permissible inference that the insurer has acted unreasonably and in bad faith, the insurer is entitled to partial summary judgment on plaintiff's bad faith claim. *Duckett v. Allstate Ins. Co.,* 606 F.Supp. 728 (Okla.1984).

In a suit brought by the insured after the insurer has denied a fire insurance claim, the issue of punitive damages should not be submitted to the jury where the insurer's denial is based on evidence which, if believed by the jury, would support an arson defense. *Manis v. Hartford Fire Ins. Co.,* 681 P.2d 760 (Okla.1984). Defendant's Brief cites deposition testimony that: (1) the fire was intentionally set, (2) plaintiff was at the house near the time the fire started, (3) the doors to the house were locked, and there was no sign of forcible entry when the firemen arrived, (4) plaintiff was financially strained and would profit from a fire claim, and (5) a polygrapher's opinion that plaintiff was not being completely truthful concerning his knowledge of the fire. This evidence, if believed by a jury, would reasonably support an arson defense. Therefore defendant's denial of plaintiff's claim was reasonable, and plaintiff's bad faith claim should not be submitted to the jury.

A party alleging bad faith by an insurer must plead all of its elements and has the burden of proof. *McCorkle* at 587. Plain-

tiff has produced no evidence in support of his bad faith claim. In fact, all the evidence in the record supports the opposite conclusion. Where, after adequate time for discovery, a party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274 (1986).

For the foregoing reasons, defendant's Motion for Partial Summary Judgment as to the bad faith portion of plaintiff's claim is hereby GRANTED.