9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Claude E. LANDERS, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois
corporation, Defendant-Appellee.
 No. 93-6067.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Claude E. Landers brought this diversity suit against defendant State Farm Mutual Automobile Insurance Company, alleging breach of contract and failure to deal fairly and in good faith. State Farm moved for summary judgment. On October 16, 1992, the district court denied State Farm's motion for summary judgment on the breach of contract claim but granted the motion on the bad faith claim. Plaintiff moved the court to reconsider its grant of summary judgment on the failure to deal fairly and act in good faith claim. On November 6, 1992, the district court denied the motion. The district court subsequently granted plaintiff summary judgment on the breach of contract claim, and following a bench trial on the issue of damages, entered final judgment in the case on February 9, 1993.[2] Plaintiff timely appeals the denial of the motion to reconsider and the underlying order granting summary judgment to State Farm on his bad faith claim.
 
 I.FACTS
 
 3
 On May 6, 1991, plaintiff's wife applied for family automobile insurance from State Farm. On that date, an agent of State Farm issued a binder of insurance which states:
 
 
 4
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY of Bloomington, Illinois, hereby binds as of the requested effective date for a period of 30 days from such date, the insurance applied for, subject to all of the terms and conditions of the automobile policy and applicable endorsements in current use by such company. The issuance by the Company of the Declarations page of the policy applied for voids this binder.
 
 
 5
 Appellant's App. Vol. I at 44. Plaintiff tendered a check to State Farm at the time of application for the May and June 1991 premiums. Plaintiff subsequently paid the July 1991 premium on June 16, 1991, and the August 1991 premium on July 1, 1991. State Farm received and accepted all of plaintiff's premium payments.
 
 
 6
 State Farm alleges that on June 12, 1991, its underwriters discovered that plaintiff's daughter had been involved in an automobile accident in 1989, which was not disclosed at the time of application. Plaintiff contends that the agent was aware of the daughter's 1989 accident. However, no notation of this incident appears on the daughter's application. Id. at 45.
 
 
 7
 Following its discovery of the undisclosed accident, on June 24, 1991, State Farm allegedly mailed a cancellation notice to plaintiff effectuating cancellation of plaintiff's coverage as of July 7, 1991. Id. at 12. Plaintiff denies ever receiving this notice. On approximately July 22, 1991, State Farm sent plaintiff a premium refund dated July 19, 1991.
 
 
 8
 On July 22, 1991, plaintiff was involved in an automobile accident resulting in property damage and personal injury to a third party. The injured party filed a claim with State Farm which it denied due to the prior cancellation of plaintiff's coverage. This suit followed.
 
 II.STANDARD OF REVIEW
 
 9
 We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). The court must grant summary judgment if there is no genuine issue of material fact and "the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We review the evidence in a light most favorable to the nonmoving party. Id. "However, the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics, 912 F.2d at 1241. We treat plaintiff's motion to reconsider as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), and review the district court's denial of the motion under an abuse of discretion standard. Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir.1992).
 
 III.DISCUSSION
 
 10
 Initially, plaintiff argues that, because the agent was informed of his daughter's driving record, State Farm's cancellation of his insurance coverage due to his alleged failure to disclose his daughter's driving record at the time of application constitutes a bad faith denial of coverage. The Oklahoma Supreme Court recognized the tort action available against an insurer for a breach of the duty to act fairly and in good faith in Christian v. American Home Assurance Co., 577 P.2d 899 (Okla.1977). In Christian, the court "approve[d] and adopt[ed] the rule that an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." Id. at 904. In Christian, the insurer denied plaintiff's claim "without proper cause," thus giving rise to the tort action. Id.
 
 
 11
 In a very recent decision, with facts very similar to those now before us, this court had the opportunity to visit the issue of bad faith denial of an insurance claim under Oklahoma law. In Oulds v. Principal Mutual Life Insurance. Co., Nos. 92-6029 & 92-6177, 1993 WL 392301 (10th Cir. Oct. 6, 1993), we held that "[o]n a motion for summary judgment, the trial court must first determine, under the facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortious." Id. at * 3. Until a reasonable inference of tortious conduct is determined to exist, submission of the issue to a jury is foreclosed. Id.
 
 
 12
 In Oulds, the insurer denied the plaintiff's claim based on her "material omissions and misrepresentations" in her application for health insurance. Id. Like plaintiff in this case, the plaintiff in Oulds contended that the omissions and misrepresentations were the fault of the agent, and thus the insurer's denial of coverage was bad faith. We concluded that the insurer's actions had to be evaluated based upon what the insurer "knew or should have known at the time plaintiff requested the company to perform its contractual obligation." Id.
 
 
 13
 The Oklahoma Supreme Court has held that "[a]n insurer clearly has the right to resist payment and litigate any claim to which the insurer has a reasonable defense." Buzzard v. Farmers Ins. Co., 824 P.2d 1105, 1109 (Okla.1991). Under Oklahoma law, an insurer does not breach its duty of good faith and fair dealing "by refusing to pay a claim or by litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.' " Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir.1989)(quoting Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla.1984)). In this case, our question thus becomes whether State Farm had a "good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy." Buzzard v. McDanel, 736 P.2d 157, 159 (Okla.1987)(footnote omitted). This conclusion must be drawn from what State Farm knew or should have known at the time it denied plaintiff's claim. See Oulds, 1993 WL 392301, at * 3.
 
 
 14
 Plaintiff contends that he informed the State Farm agent of the status of the family's driving records. However, the application submitted on behalf of plaintiff's daughter does not contain any notation of the 1989 accident. Appellant's App. Vol. I at 45.[3] Plaintiff claims that his wife informed the agent of the accident, the agent completed the applications, and thus, the omission was the fault of the agent. Despite plaintiff's urging to the contrary, in reviewing a summary judgment decision on a bad faith claim, we do not decide the factual questions of who told what to whom. Our job is to determine only whether there is evidence of material fact as to the question of State Farm's reasonableness and good faith in denying coverage.
 
 
 15
 In Oulds, this court relied on the decision in City National Bank & Trust v. Jackson National Life Insurance, 804 P.2d 463 (Okla. Ct.App.1990), cert. denied, (Okla. Jan. 23, 1991), in holding that the alleged actions or omissions of the agent cannot be imputed to the insurer for purposes of determining whether the insurer acted in bad faith in denying the claim. Oulds, 1993 WL 392301 at * 7.[4] Although with slightly different reasoning, this rationale formed the basis of the district court's order granting summary judgment to State Farm on plaintiff's bad faith claim.
 
 
 16
 Oklahoma case law makes clear that the denial of an insurance claim based upon a legitimate dispute does not constitute bad faith. See id. at * 9; cf. Capstick v. Allstate Ins. Co., 998 F.2d 810, 815 (10th Cir.1993)(absence of legitimate dispute raises jury question on bad faith claim); Alsobrook v. National Travelers Life Ins. Co., 852 P.2d 768, 770 (Okla. Ct.App.1992)(same), cert. denied, (Okla. Apr. 20, 1993); McCoy v. Oklahoma Farm Bureau Mut. Ins. Co., 841 P.2d 568 (Okla.1992)(same). In this case, there was no evidence that State Farm had actual knowledge of the transactions between plaintiff and its agent. The question of whether plaintiff withheld the required information or whether the agent was being untruthful in the application process presents the kind of legitimate dispute recognized by Oklahoma law. Therefore, construing the evidence in a light most favorable to plaintiff, we hold that at the time plaintiff's claim was denied, there was a legitimate dispute regarding omissions and misrepresentations on plaintiff's applications for insurance which would prevent a finding of bad faith and unfair dealing on the part of State Farm.[5]
 
 
 17
 Plaintiff's second allegation of bad faith involves the question of whether State Farm's failure to comply with Okla. Stat. tit. 36, 1241, constitutes unfair dealing and bad faith per se. Section 1241 states:
 
 
 18
 A property and casualty insurer shall, within forty-five (45) business days of taking an application, determine whether or not the applicant should be accepted or denied as an insured and shall give written notice to the agent of the acceptance or denial. If the applicant is denied as an insured, any premium monies paid, less any expenses incurred either by the agent or the insurer, shall be immediately returned to the proposed purchaser of the policy.... In addition, if the insurer does not return the premium monies, less expenses, within the forty-five-day period, the insurer shall remain liable for the insurance coverage and any claims pursuant thereto which the remaining premium monies would have purchased.
 
 
 19
 Prior to the court's summary judgment order, both parties raised the issue of the applicability and relevancy of section 1241 to the facts of this case. The court did not address this issue in its summary judgment order. However, prior to bench trial on the breach of contract claim, in the court's final pretrial order, it stated the legal issue of "[w]hether 36 O.S. 1241 controls the time and manner of acceptance or denial of an automobile insurance application when coverage is immediately extended to the applicant pursuant to a binder agreement." Appellant's App. Vol. III at 278. Following court-ordered briefing on the issue, the court issued a modifying order clarifying the applicability of the statute. The district court noted that the scope of the statute was a question of first impression in Oklahoma. Id. at 339.
 
 
 20
 State Farm argued that its binder paragraph in the application constituted notification of acceptance; thus, they were in compliance with the statute. State Farm further contended that the coverage extended to plaintiff was conditioned upon the terms of the company's standard policy which allows for cancellation within fifty-nine days from the date of application.[6] The district court determined that section 1241 governed this situation and that the plain language of the statute required State Farm to give written notice of the acceptance or denial within forty-five working days of application. Appellant's App. Vol. III at 340. The court concluded that State Farm could not attempt to contractually circumvent the forty-five day requirement of the statute. Id. at 340-41. Even though the court disagreed with State Farm's interpretation and ultimately determined that a contract of insurance was in existence at the time of plaintiff's accident, State Farm asserts that its interpretation was not unreasonable and therefore it cannot be found to have acted unfairly or in bad faith. We agree.
 
 
 21
 Again, the relevant question with regard to State Farm's motion for summary judgment is whether the facts of the case "permit a reasonable inference of bad faith" on the part of State Farm in denying plaintiff's claim. Duckett v. Allstate Ins. Co., 606 F.Supp. 728, 731 (W.D. Okla.1985). The inference of reasonableness can be drawn from the conduct of the insurance company in light of the current state of the law. Id.; Harris v. Farmers Ins. Co., 607 F.Supp. 92, 95-96 (W.D. Okla.1985).
 
 
 22
 In recognizing a cause of action for an insurer's breach of its implied duty to deal fairly and act in good faith with its insured, the Oklahoma Supreme Court qualified its rule by stating that:
 
 
 23
 Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.
 
 
 24
 Christian, 577 P.2d at 905. It is within the trial court's purview to determine, as a matter of law, whether the insurer's actions or omissions can be perceived as tortious bad faith. Oulds, 1993 WL 392301, at * 3, * 9; City Nat'l Bank & Trust Co., 804 P.2d at 468. Because, as the district court noted, the applicability of section 1241 to the facts of this case was an issue of first impression in Oklahoma, State Farm's interpretation of the statute created a legitimate dispute, which the insurer had the right to have determined in a judicial forum. See Manis, 681 P.2d at 762. Thus, we hold that plaintiff has not presented sufficient evidence regarding his allegations of unreasonableness to warrant submission of the bad faith issue to a jury. Cf. Thompson, 875 F.2d at 1462.
 
 IV.CONCLUSION
 
 25
 In sum, we conclude that the district court was correct in determining that, on the facts of this case, there is no supportable inference that State Farm's denial of coverage constituted unfair dealing or bad faith. Therefore, we affirm the district court's grant of summary judgment to State Farm on the bad faith claim, and its denial of plaintiff's motion to reconsider, albeit for slightly different reasons than those relied on by the district court. See Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988)(appellate court can affirm on any grounds that find support in the record).
 
 
 26
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Following a nonjury trial on the issue of damages, the court entered judgment for plaintiff in the amount of $14,610.66. This judgment is not appealed
 
 
 [3]
 The applications submitted for plaintiff and his wife contain check marks in the "yes" boxes inquiring whether the applicant has had an accident in the past three years. Appellant's App. Vol. I at 44, 46
 
 
 [4]
 The Oklahoma courts have held that the knowledge and acts of the agent can be imputed to the insurer for the purpose of determining whether the insurer is liable on the policy. Atlas Life Ins. Co. v. Eastman, 320 P.2d 397, 403 (Okla.1957)
 
 
 [5]
 Under Okla. Stat. tit. 36, 3609, an insurer is entitled to a judgment of rescission if the misrepresentations, omissions, concealment of facts, or incorrect statements in the application for insurance are "(1) fraudulent; or (2) material to the acceptance of the risk; or (3) the insurer in good faith would not have issued the policy, or in as large an amount, if the true facts had been made known as required by the application." Vaughn v. American Nat'l Ins. Co., 543 P.2d 1404, 1406-07 (Okla.1975)
 
 
 [6]
 Although there was a dispute as to whether State Farm ever issued an actual written policy of insurance to plaintiff, the policy which State Farm claims it issued to plaintiff states its standard cancellation policy as:
 How and When We May Cancel. We may cancel your policy by written notice mailed to your last known address. The notice shall give the date cancellation is effective. It will be mailed to you at least 10 days before the cancellation effective date. The mailing of it shall be sufficient proof of notice.
 Unless we mail or deliver a notice of cancellation to you within 59 days of the policy effective date, we will not cancel your policy before the end of the current policy period....
 Appellant's App. Vol. I at 42-43.