George C. PERKINS, as surviving spouse of Edna Maxine Perkins, deceased, and George C. Perkins, an individual, Appellee,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY, a foreign insurance company, incorporated under the laws of Connecticut, doing business in the State of Oklahoma, Appellant.

No. 83639.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 25, 1994.

Certiorari Denied Jan. 18, 1995.

Kent Fleming and Brently C. Olsson, Oklahoma City, for appellant.

Clifford D. McEntire, Oklahoma City, for appellee.

### OPINION

HUNTER, Judge:

Hartford Underwriters Insurance Company (Hartford) seeks review of the trial court's

order granting summary judgment in favor of George C. Perkins (Perkins), individually and as surviving spouse of Edna Maxine Perkins, deceased (Decedent), in Perkins action against Hartford for additional payment under the terms of an automobile insurance contract and damages for bad faith.

The dispositive facts are as follows. Perkins and Decedent were named insureds by Hartford under a policy for automobile insurance. This policy provided $100,000.00 per person liability coverage on two motor vehicles and $15,000.00 per person uninsured motorist coverage (UM). In February 1991, a third automobile was insured under the same policy and with the same limits of liability. In March 1991, one automobile was deleted from the policy. Decedent was fatally injured in an automobile accident in September 1991. At no time did Hartford tender an offer to Perkins for UM coverage equal to liability limits in the manner prescribed by 36 O.S.1991 § 3636, effective September 1, 1990.

After making demand on Hartford, Perkins brought the present action seeking to recover $100,000.00 liability limit for each of the two insured vehicles less $30,000.00 paid by Hartford as the insurance contract's maximum UM coverage, plus punitive damages for bad faith. After discovery, Perkins moved for "partial" summary judgment on the grounds Hartford's failure to offer Perkins UM coverage equal to the liability limits resulted in UM coverage equal to liability limits as a matter of law. Hartford moved for summary judgment on the issue of bad faith. The trial court granted both motions,[1] and Hartford appeals.

On September 1, 1990, amendments to 36 O.S. § 3636 governing UM coverage mandated insurance companies *encourage* their insureds to purchase UM coverage up to the limits of liability. These amendments required insurers to offer such coverage in a form specified by statute and to obtain a written rejection of such coverage.[2]

■ The legislature is never presumed to have done a vain thing. It is the duty of the courts to supply, by appropriate pronouncement, whatever procedure may be necessary in order to implement a legislatively-designed remedy that is found procedurally

---

1. The trial court made the finding necessary for its order to be final under 12 O.S.Supp.1993 § 994. The parties stipulated that the damages would exceed the available policy limits.

2. 36 O.S.Supp.1990 § 3636 provides, in pertinent part, as follows:

   A. No policy insuring against loss resulting from liability imposed by law for bodily injury or death ... shall be issued, delivered, renewed or extended ... unless the policy includes the coverage described in subsection B of this section.

   B. ... [Uninsured motorist coverage] shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of Section 7–204 of Title 47, Oklahoma Statutes ... provided, however, that increased limits of liability shall be offered and purchased if desired, not to exceed the limits provided in the policy of bodily injury liability of the insured.

   · · · · ·

   F. A named insured or applicant shall have the right to reject uninsured motorist coverage in writing ...

   · · · · ·

   H. The offer ... shall be in the following form which shall be filed with and approved by the Insurance Commissioner. The form shall be provided to the proposed insured in writing separately from the application and shall read as follows:

   OKLAHOMA UNINSURED MOTORIST COVERAGE LAW

   Oklahoma law gives you the right to buy Uninsured Motorist coverage in the same amount as your bodily injury liability coverage. **THE LAW REQUIRED US TO ADVISE YOU OF THIS VALUABLE RIGHT FOR THE PROTECTION OF YOU, MEMBERS OF YOUR FAMILY, AND OTHER PEOPLE WHO MAY BE HURT WHILE RIDING IN YOUR INSURED VEHICLE. YOU SHOULD SERIOUSLY CONSIDER BUYING THIS COVERAGE IN THE SAME AMOUNT AS YOUR LIABILITY INSURANCE COVERAGE LIMIT ... THE COST OF THIS COVERAGE IS SMALL COMPARED WITH THE BENEFITS!** (Emphasis original).

incomplete or deficient.[3] Hartford, in violation of 36 O.S.1991 § 3636, failed to timely notify Perkins by the statutorily mandated form of the option to obtain uninsured motorist coverage at least equal to liability limits. Accordingly, we hold that the limits of uninsured motorist coverage in this case are defined by the maximum limits of the policy (liability limits) rather than the minimum prescribed by statute [4] or the amount of coverage Perkins had previously obtained which was slightly in excess of the statutory minimum.

■ Hartford also argues it was not required to tender an offer of the higher coverage and obtain a written rejection thereof until the expiration of the one-year phasing in period specified by the statute. However, 36 O.S. § 3636(G)(2) provides as follows:

G. Notwithstanding the provisions of this section, the following are the only instances in which a new form affecting uninsured motorist coverage shall be required ...

2. When there is an additional vehicle that is not a replacement vehicle; or

The record reflects a third, or additional, vehicle was added to the policy in February 1991. We therefore hold Hartford was required but failed to tender the mandated statutory form affecting uninsured motorist coverage to Perkins and obtain a written rejection thereof no later than February 1991.

Hartford further complains the third, or additional, vehicle insured in February 1991 was in fact a replacement vehicle, arguing Perkins sold another vehicle and deleted it from the policy in March 1991. We have reviewed the record and find no evidence to support this proposition. On the contrary, Hartford admitted in answers to interrogatories that the vehicle insured in February 1991 was an "additional vehicle." Accordingly, we reject this proposition.

For the reasons stated herein, we find no error in the trial court's judgment.

AFFIRMED.

GARRETT, V.C.J., and ADAMS, J., concur.

---

3. See *Farris v. Cannon*, 649 P.2d 529, 531 (Okla. 1982); *Moral Insurance Co. v. Cooksey*, 285 P.2d 223, 227 (Okla.1955).

4. We find *Moser v. Liberty Mutual Insurance Co.*, 731 P.2d 406 (Okla.1986) and *Mann v. Farmers Insurance Co., Inc.*, 761 P.2d 460 (Okla.1988), cited by Hartford in support of its position, distinguishable. Both cases pre-dated the 1990 amendments to 36 O.S. § 3636, and both cases refused to impose by operation of law UM coverage equal to liability limits under 36 O.S.1981 § 3636 which did not require the insurer to obtain written rejection of UM limits equal to liability. Under the amended statute, the insurer is required to do just that.