F I L E D
**United States Court of Appeals
Tenth Circuit**

**MAR 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EUGENE PERKINS,

      Plaintiff-Appellant,

v.

USAA CASUALTY INSURANCE
COMPANY, a corporation,

      Defendant-Appellee.

No. 96-6186
(D.C. No. CIV-95-1232-M)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, who was injured in a pedestrian-auto accident in December 1994, made a claim for uninsured/underinsured motorist (UM) benefits under the auto policy defendant USAA issued him in November 1994. By state statue, every automobile liability policy issued in Oklahoma must provide minimum UM coverage of $10,000 per person/$20,000 per occurrence unless the insured rejects this minimum amount in writing. See Okla. Stat. tit. 36, § 3636; Okla. Stat. tit. 47, § 7-204. The declarations page of plaintiff's USAA policy reflected that the policy provided the statutorily minimum UM coverage, for which plaintiff was charged a premium. See Appellant's App. at 52.

In June 1995, USAA tendered plaintiff payment in the amount of $20,000, representing what USAA contended were the stacked UM limits[1] under plaintiff's policy. In August 1995, plaintiff sued USAA for breach of contract and for bad faith. Plaintiff contended that the stacked UM limits under the policy should be imputed by law to be equal to the stacked liability limits, or $200,000, because USAA had failed to send plaintiff a written offer of increased UM limits, as required by Okla. Stat. tit. 36, § 3636(B), (H), when it issued the new policy in November 1994. In so arguing, plaintiff relied upon the Oklahoma Court of

---

[1]    "Stacked" UM limits represent the per person limit of liability of the insured's UM coverage multiplied by "the number of vehicles insured under the policy for which a separate premium for uninsured motorist coverage is charged," Cofer v. Morton, 784 P.2d 67, 71 (Okla. 1989). The policy here covered two vehicles, for which plaintiff was charged separate premiums for UM coverage.

Appeals' decision in Perkins v. Hartford Underwriters Insurance Co., 889 P.2d 1262, 1264 (Okla. Ct. App. 1994). While the parties' cross-motions for summary judgment were pending in the district court, the Oklahoma Supreme Court issued its opinion in May v. National Union Fire Insurance Co., 918 P.2d 43 (Okla. 1996), which expressly overruled Perkins.

Thereafter, the district court granted summary judgment to USAA on both of plaintiff's claims. The court determined that plaintiff's contract claim was governed by the Oklahoma high court's opinion in May, which held that "[w]here an insurer fails to offer in writing or obtain a written rejection of UM coverage such that UM coverage is imputed to an insured's policy as a matter of law, . . . the mandate of § 3636 is satisfied by imputation of the minimum limits of UM coverage required by statute. To impute a higher amount of UM coverage [as the court did in Perkins] would go beyond the mandate of § 3636." Id. at 48. Therefore, the district court concluded, plaintiff was entitled to UM coverage of only $10,000 under the policy (resulting in stacked limits of $20,000). The court further concluded that "there is no evidence in the record reasonably tending to show that defendant acted in bad faith in denying plaintiff's claim for $200,000," Appellant's App. at 223, and, therefore, entered summary judgment for USAA on the bad faith claim as well.

We review the grant of summary judgment de novo, applying the same standards as the district court under Fed. R. Civ. P. 56(c). Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir. 1995). We review the factual record and any reasonable inferences arising therefrom in the light most favorable to the nonmovant to determine whether there is a genuine issue as to any material fact. Id. If we determine there are no genuine issues of material fact in dispute, we then look to see whether the district court correctly applied the substantive law. Id. Based upon our review of the record and the pertinent law, we affirm the grant of summary judgment to USAA for substantially the reasons given by the district court.

We write additionally to address a matter that the district court did not discuss in its orders on summary judgment. Although plaintiff has steadfastly maintained that USAA did not send him the statutorily mandated offer form, he alternatively argued in the district court, though rather belatedly, that the offer form USAA contends it did send him is ambiguous. Plaintiff contends that construing this ambiguity in his favor results in constructive UM limits equal to his liability limits, which were $100,000 per person/$200,000 per occurrence.

The form USAA allegedly sent to plaintiff in November 1994 followed the prescribed form set forth in § 3636(H). The statutorily prescribed form notifies the proposed insured that he can make one of four choices about UM coverage:

he can purchase UM coverage equal to his liability limits; he can purchase UM coverage in the minimum statutory amount; he can purchase UM coverage in an amount less than the liability limits but more than the statutory minimum; or he can reject UM coverage altogether. The manner in which USAA filled in the blanks in the prescribed form resulted in an offer to plaintiff to "buy Uninsured Motorist coverage equal to your bodily injury liability coverage for $ __0.00__ for __6__ months." Appellant's App. at 54.

Plaintiff argues that, because USAA offered him UM coverage equal to his liability limits for no additional charge, we should construe his UM limits to be $100,000 per person/$200,000 per occurrence. This argument overlooks one fundamental fact: the record is devoid of any evidence that plaintiff ever intended to, or actually did, accept this offer of increased coverage. "An offer becomes a binding promise and results in a contract only when it is accepted. To constitute acceptance, there must be an expression of the intent to accept the offer, by word, sign, writing or act, communicated or delivered to the person making the offer or the offeror's agent." Garrison v. Bechtel Corp., 889 P.2d 273, 281 (Okla. 1995).

USAA's form, as required by § 3636(H), not only notified plaintiff of his choices concerning UM coverage, but directed him to indicate what UM coverage he wanted. The form had a place for plaintiff to check which of the four

alternatives concerning coverage he chose and it had a place for his signature. The form concluded with the following statement: "THIS FORM IS NOT A PART OF YOUR POLICY AND DOES NOT PROVIDE COVERAGE." Appellant's App. at 54; see also Okla. Stat. tit. 36, § 3636(H) (mandating such language). Plaintiff has acknowledged that the statutorily prescribed form contains "a place for the insured's signature indicating receipt of the form and a specific election of the coverage desired," and that the Oklahoma legislature obviously "intend[ed] the form to be signed." Appellant's App. at 116. Yet, plaintiff admits that he never indicated his choice of coverage or signed the form. Indeed, plaintiff contends that he never even received the offer of "free" increased UM coverage. Absent plaintiff's acceptance of this offer, the policy terms remained as reflected on the declarations page.

Therefore, whether USAA actually sent plaintiff the required written offer has no effect on plaintiff's contract claim. Whether imputed by law or based on the written terms of the policy, plaintiff's UM coverage was the same: $10,000 per person/$20,000 per occurrence. As to plaintiff's claim for bad faith, we agree with the district court that the evidence presented did not give rise to a reasonable inference of tortious conduct and, therefore, summary judgment for USAA was proper. See, e.g., City Nat'l Bank & Trust Co. v. Jackson Nat'l Life Ins., 804

P.2d 463, 468-69 (Okla. Ct. App. 1990); <u>Willis v. Midland Risk Ins. Co.</u>, 42 F.3d 607, 612 (10th Cir. 1994).

      The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.


                                        Entered for the Court


                                        David M. Ebel
                                        Circuit Judge