1997 OK 106

**Richard BOERSTLER and April Boerstler, Appellants,**

v.

**William Donald HOOVER, Truck Insurance Exchange Co., Tulsa Gamma Ray, Inc.,**

**and**

**Farmers and Merchants Insurance Company, Inc., Appellees.**

**No. 84160.**

Supreme Court of Oklahoma.

July 15, 1997.

As Corrected Aug. 11, 1997.

Ken Ray Underwood, Tulsa, for Appellants.

John A. Gladd, William F. Smith, Robert E. Jamison, Gail W. Harris, Gladd, Smith, Jamison & Harris, Tulsa, for Appellee, William Donald Hoover.

Ray H. Wilburn, Michael J. Masterson, Wilburn, Masterson & Smiling, Tulsa, for Appellee, Truck Insurance Exchange Co.

Dale F. McDaniel, Tulsa, for Appellee, Tulsa Gamma Ray, Inc.

HARGRAVE, Justice.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

¶1 Richard Boerstler was injured while driving his employer's truck, in a collision caused by the negligence of Hoover, an uninsured motorist. The jury awarded Boerstler a $65,000.00 judgment against Hoover. Boerstler then made a claim against employer's insurance carrier to recover under the uninsured motorist provision of employer's policy. The dispute in this matter concerns the amount of uninsured motorist coverage which employer's insurer is obligated to provide Boerstler.

¶2 Employer's liability policy was written pursuant to 36 O.S.1991 § 3636, and reflected employer's acquiescence in a $20,-000.00 policy limit for uninsured motorist coverage. A 1990 amendment to that statute requires insurers not only to offer increased limits of uninsured motorist coverage, but to actually encourage insured to elect coverage up to the liability limit of the policy, and provided a particular form to be followed. The form included the following language:

> THE LAW REQUIRES US TO ADVISE YOU OF THIS VALUABLE RIGHT ... YOU SHOULD SERIOUSLY CONSIDER BUYING THIS COVERAGE IN THE SAME AMOUNT AS YOUR LIABILITY INSURANCE COVERAGE LIMIT. THE COST OF THIS COVERAGE IS SMALL COMPARED WITH THE BENEFITS.

The form requires the insurer to advise the insured of all of the options of coverage, and requires the insured to specifically select the type of coverage desired, and to sign the form.

¶3 At the time employer's insurance was purchased, employer had no uninsured motorist coverage, so insurer sent the form required by 36 O.S.1991 § 3636, along with a letter advising employer that failure to elect some higher coverage within thirty (30) days would be deemed an election to accept uninsured motorist coverage in the amount of the statutory minimum liability limits. Employer did not respond, so insurer provided the statutory minimum combined single limit of $20,000.00 for which the employer was charged a premium.

¶4 Employer's insurer has paid the $20,-000.00 to Boerstler. The case at bar is Boerstler's effort to reform his employer's insurance policy, to force insurer to provide coverage up to the $500,000.00 liability limit, rather than the statutory minimum coverage which was all that was paid for by his employer. The trial court granted summary judgment to the insurer, but the Court of Civil Appeals reversed, observing that the statutorily-prescribed form for uninsured motorist coverage requires the insured's signature. The Court of Civil Appeals reasoned that since employer did not sign the form, the law would imply maximum cover-

age, up to liability limits rather than the statutory minimum.[1]

¶ 5 The issue in this case derives from 36 O.S. § 3636, the statute governing UM coverage in the State of Oklahoma. In 1990, the Oklahoma Legislature amended this statute. See Laws 1990, c. 297 § 4, eff. Sept. 1, 1990. Neither the pre–1990 version nor the amended version of § 3636 prescribe how much coverage should be imputed in the event an insurer does not satisfy the statute's requirements. The district court held, and Truck Insurance Exchange argues, that the statutory minimum is the proper imputed amount of coverage. The plaintiffs assert that the imputed coverage should equal the liability limits of the policy.

¶ 6 We have previously addressed this issue in *May v. National Union Fire Insurance Co.*, 918 P.2d 43 (Okla.1996) where we held:

> .... the legislative intent underlying § 3636 is that every automobile liability insurance policy issued in this state have a statutory minimum of uninsured motorist coverage unless that minimum amount is rejected in writing. That objective was not altered by the 1990 amendments to the statute. Where an insurer fails to offer in writing or obtain a written rejection of UM coverage such that UM coverage is imputed to an insured's policy as a matter of law, we hold that the mandate of § 3636 is satisfied by imputation of the minimum limits of UM coverage required by statute. To impute a higher amount of UM coverage would go beyond the mandate of § 3636.

*May* at 48.

¶ 7 The facts in *May* closely parallel the facts in the present case. In *May* an employee was killed while riding in his employer's vehicle. The vehicle was struck by a car driven by an uninsured drunk driver. Employee's widow made a claim against employer's insurer under the uninsured motorist provision of the policy which, for want of a specific rejection by the employer, widow wanted to claim up to the liability limit of $3,000,000.00. This Court held in that case that the employer's failure to make a written rejection of uninsured motorist coverage resulted in an imputed uninsured motorist policy at the statutory minimum of $10,000.00.[2]

¶ 8 The issues in the present case have been previously addressed in *May*, and as the employer's insurer has paid minimum combined single limit of $20,000.00, for which the employer was charged a premium, to Boerstler, the portion of the Court of Civil Appeals opinion dealing with it is reversed. The remainder of that opinion, shall be left undisturbed as the plaintiff has not challenged those portions.

¶ 9 The portions of the Court of Civil Appeals opinion regarding jury instruction and inadequacy of the damages are not discussed as Boerstler did not seek relief from the Court of Civil Appeals decision, and hence, that portion of the Court of Civil Appeals decision is left undisturbed.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION AFFIRMED IN PART, REVERSED IN PART.**

¶ 10 SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, OPALA and WATT, JJ., concur.

¶ 11 KAUGER, C.J., concurs by stare decisis.

¶ 12 ALMA WILSON, J., concurs in part and dissents in part.

---

**1.** See *Mann v. Farmers Ins. Co. Inc.*, 761 P.2d 460 (Okla.1988); *Cofer v. Morton*, 784 P.2d 67 (Okla.1989); and *Moser v. Liberty Mutual Ins. Co.*, 731 P.2d 406 (Okla.1986). These cases support the proposition that the intent of the legislature was to afford each policy owner the opportunity to secure for him or herself the same protection against uninsured motorists as he/she would have if the uninsured motorist had carried adequate insurance.

**2.** By so holding, this Court expressly overruled *Perkins v. Hartford Underwriters Ins. Co.*, 889 P.2d 1262 (Okla.App.1994).